JUDGE BRIEANT

'08 CIV 4864

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>   -against-<br><br>DONNA M. BELIN,<br><br>         Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

  Plaintiff METROPOLITAN LIFE INSURANCE COMPANY, through its undersigned attorneys, as and for its Complaint against Defendant herein, alleges:

### Parties

  1. Plaintiff Metropolitan Life Insurance Company ("MetLife") is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York.

  2. Upon information and belief, Defendant Donna M. Belin ("Defendant") is an individual residing at 696 Highland Avenue, Peekskill, New York 10566, and was the wife of Robert L. Belin.

### Jurisdiction and Venue

  3. In this action, Plaintiff MetLife seeks to recover funds that were inadvertently paid by MetLife to Defendant pursuant to Defendant's claim for life insurance proceeds under

the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-8716, a federal statute.

4. Pursuant to 5 U.S.C. § 8715, the District Courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of civil actions or claims founded upon this chapter. Therefore, the United States District Court for the Southern District of New York has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 8715.

5. Defendant is a resident of Peekskill, New York. Accordingly, venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

## Background

6. In 1954, Congress enacted FEGLIA "to provide low-cost group life insurance to Federal employees." H.R. Rep. No. 2579 at 1 (1954), reprinted in 1954 U.S.C.C.A.N. 3052.

7. Federal law authorized the establishment of the Employees' Life Insurance Fund of the Treasury of the United States of America into which employer and employee premiums for the cost of FEGLI insurance ("FEGLI Proceeds") are deposited.

8. Payments of FEGLI Proceeds result in withdrawal of funds from the United States Treasury.

9. Pursuant to the Appropriations Clause of the Constitution of the United States of America, payments of money resulting in withdrawals from the United States Treasury must be authorized by federal statute. *Office of Personnel Management v. Richmond*, 110 S. Ct. 2465, *reh'g denied*, 111 S. Ct. 5 (1990).

10. Pursuant to 5 U.S.C. §§ 8709–8716, the United State Office of Personnel Management ("OPM") is authorized, under 5 U.S.C. §§ 8709–8716, to "prescribe regulations necessary to carry out FEGLIA's purposes."

11. FEGLIA, and the associated federal regulations at 5 C.F.R. Part 870, require OPM to contract with a private insurance company to administer the processing of FEGLI claims pursuant to applicable federal law. Pursuant to FEGLIA 5 U.S.C. § 8709, Plaintiff MetLife issued MetLife's Group Policy No. 17000-G, known as the Federal Employees Group Life Insurance Policy (the "FEGLI Policy"), to OPM.

12. MetLife is required to make payment of FEGLI Proceeds upon establishment of a valid claim to the proper beneficiary and/or beneficiaries pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

13. The Office of Federal Employees Group Life Insurance ("OFEGLI") (hereinafter "MetLife") is the administrative unit of Plaintiff MetLife charged with the responsibility of administering all FEGLI claims pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

14. The business of the FEGLI Program, up to the point of the death of covered employees or retirees, is conducted by the Agencies of the United States of America.

15. The responsibilities of the Federal Agencies (including OPM for retirees) with regard to the FEGLI program include collecting shares of the cost of the FEGLI coverage through deductions from the salaries of federal employees and the annuity benefits of federal retirees. It is the responsibility of the Federal Agencies to receive and process requests for changes in beneficiary designations from federal employees and retirees and to submit beneficiary designations to MetLife upon the federal employee's death.

## Statement of Facts

16. Robert L. Belin was covered for life insurance under the FEGLI Policy through his employment with the Franklin D. Roosevelt Veterans Administration Hospital located in Peekskill, New York.

17. On or about February 24, 1989, Robert L. Belin executed a Beneficiary Designation in which he named Defendant to receive 100% of the FEGLI Proceeds that became due upon his death.

18. On or about May 3, 2002, Robert L. Belin executed a Beneficiary Designation in which he named two persons, other than Defendant, to be paid the FEGLI Proceeds in two equal shares.

19. Pursuant to Section C, Statement of Insured or Assignee, of the Designation of Beneficiary form, the insured acknowledges the following statement prior to his or her signature:

> I am canceling any and all previous Designations of Beneficiary under Federal Employees' Group Life Insurance Program and now designating the beneficiary(ies) named above.

20. Accordingly, the May 3, 2002 Designation of Beneficiary form submitted by Robert L. Belin cancelled the February 24, 1989 designation of Defendant and rendered it null and void.

21. Pursuant to the Code of Federal Regulations, 5 CFR § 870.801(f), an insured individual (or assignee) may change his/her beneficiary designation without the knowledge or consent of the previous beneficiary.

22. On or about January 27, 2005, Robert L. Belin (hereafter the "Decedent") died.

23. After Decedent's death, MetLife was provided with documents relevant to Decedent's coverage under the FEGLI Policy. The only beneficiary designation form included with those documents was the beneficiary designation naming Defendant.

24. Shortly thereafter, Defendant claimed FEGLI Proceeds pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

25. On or about March 7, 2005, MetLife paid Defendant 100% of FEGLI Proceeds, amounting to $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents), consisting of $26,000.00 (Twenty Six Thousand Dollars) in including Basic Life Insurance benefits, plus $41.68 (Forty One Dollars and Sixty Eight Cents) in interest; $10,000.00 (Ten Thousand Dollars) in Standard Option A Insurance benefits, plus $16.03 (Sixteen Dollars and Three Cents) in interest; and $48,000.00 (Forty Eight Thousand Dollars) in Option B Insurance, plus $76.94 (Seventy Six Dollars and Ninety Four Cents) in interest.

26. After paying Defendant 100% of the FEGLI Proceeds, MetLife received from OPM the Designation of Beneficiary form dated May 3, 2002, in which Decedent named persons other than Defendant to receive equal shares of the FEGI Proceeds.

27. FEGLIA mandates that life insurance benefits shall be paid to the beneficiary or beneficiaries named by the decedent in a beneficiary designation that meets the requirement of 5 U.S.C. § 8705(a). Because Decedent executed a beneficiary designation on May 3, 2002 which cancelled the beneficiary designation naming Defendant, Defendant was not entitled to receive the FEGLI Proceeds. On or about July 19, 2005, MetLife advised Defendant, in writing, that Defendant was not entitled to receive, nor retain, the FEGLI Proceeds. MetLife requested that Defendant reimburse $84,134.65. Defendant has willfully and intentionally failed to reimburse MetLife for the FEGLI Proceeds inadvertently paid to Defendant.

## COUNT I
### (Violation of FEGLIA, 5 U.S.C. § 8701-8716)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if set forth fully herein.

29. On or about February 24, 1989, Decedent designated Defendant as beneficiary of the FEGLI Proceeds.

30. On or about May 3, 2002, Decedent executed a Beneficiary Designation in which he named two persons other than Defendant each to receive 50% of the FEGLI Proceeds.

31. Pursuant to Section C, Statement of Insured or Assignee, of the Designation of Beneficiary form, the insured acknowledges the following statement prior to his signature:

> I am canceling any and all previous Designations of Beneficiary under Federal Employees' Group Life Insurance Program and now designating the beneficiary(ies) named above.

32. Accordingly, the May 3, 2002 beneficiary designation cancelled the February 24, 1989 Designation of Beneficiary naming Defendant and rendered it null and void.

33. After Decedent's death, on or about March 7, 2005, Defendant was inadvertently paid the full amount of the FEGLI Proceeds, amounting to $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents). Because the February 24, 1989 beneficiary designation was cancelled and rendered null and void by Decedent's execution of the May 3, 2002 beneficiary designation, Defendant was not entitled to Decedent's FEGLI proceeds.

34. Pursuant to 5 U.S.C. § 8705, FEGLIA mandates that FEGLI Proceeds shall be paid to the beneficiary or beneficiaries named by the insured upon the establishment of a valid claim.

35. Defendant was not the lawfully designated beneficiary of Decedent's coverage under the FEGLI Policy and thus was not entitled to receive the FEGLI Proceeds, or any portion of the FEGLI Proceeds.

36. Defendant received FEGLI Proceeds to which Defendant was not entitled in the amount of $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents).

37. On or about July 19, 2005, MetLife advised Defendant of the overpayment, and requested that Defendant reimburse $84,134.65 of the FEGLI Proceeds inadvertently paid to Defendant.

38. Defendant's acceptance of the FEGLI proceeds and refusal to return them to MetLife constitutes a violation of 5 U.S.C. § 8701-8716.

39. Defendant is liable to MetLife for reasonable attorneys' fees and costs of this action in order to recover the overpayment.

40. As a direct and proximate result of Defendant's violation, MetLife is entitled to recoupment of the payment made to Defendant in an amount to be determined at trial but in no event less than $84,134.65, plus applicable interest, costs, and reasonable attorney's fees.

## COUNT II
### (Unjust Enrichment)

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 as if set forth fully herein.

42. On or about March 7, 2005, MetLife paid Defendant $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents) in FEGLI Proceeds.

43.     Defendant was not the beneficiary of the Insured's coverage under the FEGLI Policy and was, thus, not entitled to receive any life insurance benefits under applicable federal law.

44      On or about July 19, 2005, MetLife wrote Defendant to advise her that she was not entitled to the FEGLI proceeds and to request that Defendant reimburse MetLife $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents).

45.     Under the Appropriations Clause (Article I, Section 9) of the United States Constitution, only Congress has the power to authorize disbursement of funds pursuant to FEGLIA. Defendant has no lawful claim to the FEGLI Proceeds because the beneficiary designation naming Defendant for payment was cancelled and rendered null and void.

46.     Despite due demand, and in breach of FEGLIA, Defendant has failed and refused to reimburse MetLife the FEGLI Proceeds.

47.     By receipt of the FEGLI Proceeds and as a result of Defendant's failure to reimburse MetLife for the monies paid, Defendant has been unjustly enriched in the amount of $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents).

48.     Defendant is liable to Plaintiff for reasonable attorneys' fees and costs of this action in order to recover the overpayment.

49.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to recoupment of the overpayment in an amount to be determined at trial but in no event less $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents), plus applicable interest, costs, and reasonable attorney's fees.

## COUNT III
### (Conversion)

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 as if set forth fully herein.

51. Defendant received funds to which she was not entitled.

52. After MetLife discovered that the FEGLI Proceeds were inadvertently paid to Defendant, MetLife informed Defendant of the overpayment and requested Defendant to repay the money.

53. Despite due demand, Defendant has willfully and intentionally failed to reimburse Plaintiff for the FEGLI Proceeds and, upon information and belief, Defendant has converted $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents) for her own pecuniary gain.

54. By means of the overpayment, and as a result of Defendant's failure to reimburse MetLife for the monies paid, Defendant has been unjustly enriched in the amount of $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents).

55. Defendant is liable to MetLife for reasonable attorneys' fees and costs of this action in order to recover the overpayment.

56. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to recoupment of the overpayment in an amount to be determined at trial but in no event less than $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents), plus applicable interest, costs, and reasonable attorney's fees.

**WHEREFORE**, as to Counts I, II and III, Plaintiff demands judgment against Defendant (i) in the amount of $84,134.65 (Eighty Four Thousand One Hundred Thirty Four Dollars and Sixty Five Cents), plus interest; (ii) awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and (iii) granting Plaintiff such further relief as the Court deems just and proper.

Dated:  May 9, 2008
         New York, New York

                                             **d'ARCAMBAL, LEVINE & OUSLEY, LLP**

                                             BY: _____
                                                    Colleen Martin (CM6242)

                                             d'Arcambal, Levine & Ousley, LLP
                                             40 Fulton Street, Suite 1005
                                             New York, New York 10038
                                             (212) 971-3175

                                             Attorneys for Plaintiff